UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>RONALD A. McMAHON and STACI McMAHON,<br><br>    Defendants. | Case No. 2:20-cv-00224-TLN-DMC<br><br>**SUA SPONTE REMAND ORDER** |

This matter is before the Court pursuant to Defendants Ronald A. McMahon and Staci McMahon's ("Defendants") Notice of Removal. (ECF Nos. 1.) For the reasons set forth below, the Court hereby REMANDS the action to the Superior Court of California, County of Shasta, due to lack of subject matter jurisdiction.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about September 11, 2019, Plaintiff Federal Home Loan Mortgage Corporation ("Plaintiff") brought an action for unlawful detainer against Defendants for possession of certain real property located in Cottonwood, California. (Notice of Removal, ECF No. 1, at 2.) On January 30, 2020, Defendants filed a Notice of Removal, removing the unlawful detainer action from the Shasta County Superior Court. (ECF No. 1.)

1

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." *Id.* § 1332(a)(1)-(2).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Federal court jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

///
///
///
///

### III. ANALYSIS

Defendants have removed the above-entitled action to this Court on the basis of federal question jurisdiction.[1] (ECF No. 1 at 1–2.) More specifically, Defendants assert "Plaintiff's claim is based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201." (ECF No. 1 at 2–3.) Defendants additionally assert "this statute is drawn in controversy in this action because the federal statute provides for a ninety (90) day notice period prior to the filing of any state eviction proceeding." Defendants argue they were not provided 90 days' notice.

Defendants have failed to establish federal question jurisdiction. Even assuming Defendants intend to raise a federal defense or assert a counterclaim grounded in federal law against Plaintiff's unlawful detainer action, it is clear that the Complaint itself contains only a single claim for unlawful detainer. (ECF No. 1 at 7–13, 19, 30–32.) The instant Complaint therefore relies solely on California state law and does not state any claims under federal law. As articulated above, removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *Caterpillar Inc.*, 482 U.S. at 392; *see also Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43. Thus, while Defendants seem to contend in the Notice of Removal that Plaintiffs have violated federal law, this assertion relates only to an affirmative defense or potential counterclaim, which cannot be considered in evaluating whether a federal question appears on the face of Plaintiffs' Complaint. *See Vaden*, 556 U.S. at 60-62.

### IV. CONCLUSION

For the reasons stated above, the Court hereby REMANDS this action to the Superior Court of California, County of Shasta. The Clerk of the Court is directed to close this case and not to open another case removing the unlawful detainer action designated 19UD0424.

///

///

---

[1] It appears this is at least the second time Defendants have attempted to remove this unlawful detainer action. *See* Case No. 19-cv-02438-JAM-AC (remanded *sua sponte* December 6, 2019).

IT IS SO ORDERED.

Dated: February 11, 2020

                                              Troy L. Nunley
                                              United States District Judge